**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BAHADUR SINGH, | No. 07-73192 |
| Petitioner, | |
| | Agency No. A073-427-883 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Bahadur Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of deportation, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's adverse credibility determination, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination because the inconsistencies and omissions with respect to the nature of the mistreatment Singh allegedly suffered, the number of times he was arrested, and whether Singh's brother-in-law was killed in 1989 or abducted in 1994, go to the heart of his claim of persecution. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). Accordingly, Singh's asylum and withholding of deportation claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to consider Singh's contentions that (1) the IJ applied an incorrect standard when she denied his CAT claim; (2) his due process rights were violated because the merits hearing transcript was incomplete; and (3) translation errors prejudiced his claim such that remand is necessary. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (arguments not raised before the BIA are unexhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**